UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SELWYN ICANGELO,

                        Plaintiff,

          -against-

SUFFOLK COUNTY JAIL, V. DEMARCO,
JOSEPH T. CARACAFFA, and JOHN E. METECREICKS,
individually and in their official capacities,

                        Defendants.
-------------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
12-CV-5505(SJF)(ARL)

F I L E D
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JAN 2 8 2013    ★

LONG ISLAND OFFICE

I.    Introduction

On October 31, 2012, *pro se* plaintiff Selwyn Icangelo ("plaintiff") filed a complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Suffolk County Jail ("the

Jail"), V. DeMarco ("DeMarco"), Joseph T. Caracaffa ("Caracaffa") and John E. Metecreicks

("Metecreicks") (collectively "defendants"), accompanied by an application to proceed *in forma*

*pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his

application to proceed *in forma pauperis*, qualifies him to commence this action without

prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), plaintiff's application to proceed *in*

*forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte*

dismissed.


II.    The Complaint

In his complaint, plaintiff alleges as follows:

> "On 9-20-12 I put in a grievance form stating that on August 7th
> I've been moved to Rikers and was told not to roll up. I was at
> rikers [sic] for a month[.] I came back on the 12th of Sept. 2012
> stating that my property was misplaced by the property clerk. I was
> giving [sic] a form to fill out and I did and thers [sic] not [sic]

result."

(Compl. ¶ IV). Plaintiff seeks damages in the amount of two hundred fifty thousand dollars ($250,000.00), (Compl., ¶ V), for his "mental inguish [sic]," (Compl., ¶ IV.A).

III.    Discussion

    A.    Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551

U.S. 89, 127 S.Ct. at 2200 (quotations and citation omitted);see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 2013 WL 57139 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "Factual allegations must be enough to raise a right to relief above the speculative level, * * * on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."Twombly, 550 U.S. at 555-56, 127 S.Ct. at 1959; see also Starr v. Sony BMG Music Entertainment 592 F.3d 314, 321 (2d Cir. 2010) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949;see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B.      Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

3

1.      Claims against Individual Defendants

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004); Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 254-55 (2d Cir. 2001). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011).

Plaintiff has not alleged the direct participation of any of the individual defendants in any of the wrongdoing alleged in his complaint, nor any basis upon which to find any individual defendant liable in a supervisory capacity. Accordingly, the complaint is dismissed in its entirety against Demarco, Caracaffa and Metecreicks for failure to state a claim for relief.

4

2.    Claims against the Jail

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Robischung-Walsh v. Nassau County Police Department, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), aff'd, 421 Fed. Appx. 38 (2d Cir. Apr. 29, 2011). Since the Jail is an administrative arm of the County of Suffolk ("the County"), it lacks the capacity to be sued. See, e.g. Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); Davis v. Riverhead Correction Facility, No. 11-cv-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011). Accordingly, the complaint is dismissed in its entirety with prejudice as against the Jail. However, since plaintiff is proceeding *pro se*, his complaint will be construed as being brought against the County.

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section

5

1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S.Ct. 2018)); Humphries, 131 S.Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions– either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference

6

requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

"[D]eliberate indifference may be inferred where the need for more or better supervision to protect against constitutional violations was obvious * * * but the policymaker failed to make meaningful efforts to address the risk of harm to plaintiffs." Cash, 654 F.3d at 334 (quotations, alterations and citations omitted). Moreover, "[i]n limited circumstances, a [municipal entity's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Connick, 131 S. Ct. at 1359. "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 1360.[1]

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id.

---

[1] Although the Supreme Court recognized "a narrow range of * * * hypothesized single-incident liability" based upon "an obvious need for some form of training," Connick, 131 S.Ct. at 1361, this case does not fall within that narrow and "rare" range of cases, particularly because plaintiff does not allege a complete lack of training of Jail personnel or that Jail staff had an "utter lack of an ability to cope with constitutional situations" that existed in the hypothesized single-incident case. Id. at 1363.

Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the alleged constitutional deprivation of which plaintiff complains, it fails to state a Section 1983 claim against the County. See, e.g., White v. St. Joseph's Hospital, 369 Fed. Appx. 225, 226 (2d Cir. Mar.10, 2010) (affirming *sua sponte* dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."); see generally City of Waterbury, 542 F.3d at 37–41. Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County or Jail; (2) actions taken or decisions made by County or Jail policymaking officials which caused the alleged violations of his civil rights; (3) a County or Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's claims, as construed to be against the County, are dismissed.


C.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), leave to amend is not required where a proposed amendment would be futile. Hill, 657 F.3d at 123-24; see also Mennella v. Carey, 253 Fed.

8

Appx. 125, 126 (2d Cir. Nov. 6, 2007) (summary order); <u>Morpurgo v. Incorporated Village of</u>
<u>Sag Harbor</u>, 697 F. Supp. 2d 309, 342 (E.D.N.Y. 2010), <u>aff'd</u>, 417 Fed. Appx. 96 (2d Cir. 2011).
"[A] complaint amendment would be futile only if the amended complaint would not contain
enough allegations of fact to state a claim for relief that is plausible on its face." <u>MetLife</u>
<u>Investors USA Ins. Co. v. Zeidman</u>, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), <u>aff'd</u>, 442 Fed.
Appx. 589 (2d Cir. Sept. 19, 2011).

Amendment of the complaint to allege a Section 1983 claim would be futile because a
constitutional violation cannot plausibly be inferred from the factual allegations set forth in the
complaint. Liberally read, plaintiff's complaint states a Fourteenth Amendment procedural due
process claim based upon a deprivation of his property, i.e., the loss of his property by the Jail's
"property clerk." (Compl., ¶ IV). However, "an unauthorized * * * deprivation of property by a
state employee does not constitute a violation of the procedural requirements of the Due Process
Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is
available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); <u>see also</u>
<u>Rivera-Powell v. New York City Board of Elections</u>, 470 F.3d 458, 465 (2d Cir. 2006) ("When the
state conduct in question is random and unauthorized, the state satisfies procedural due process
requirements so long as it provides meaningful post deprivation remedy."). Although this principle
"does not apply where the deprivation was caused by high-ranking officials who had final authority
over the decision-making process," <u>New Windsor Volunteer Ambulance Corps, Inc. v. Meyers</u>, 442
F.3d 101, 115-16 (2d Cir. 2006); <u>see also</u> <u>DiBlasio v. Novello</u>, 344 F.3d 292, 302 (2d Cir. 2003); or
"where the deprivation complained of results from the operation of established state procedures,"
<u>Alexandre v. Cortes</u>, 140 F.3d 406, 411 (2d Cir. 1998); <u>see also</u> <u>Pangburn v. Culbertson</u>, 200 F.3d
65, 71 (2d Cir. 1999), plaintiff alleges only that his property was misplaced by an unidentified

property clerk at the Jail. Since New York "affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action[,] [plaintiff's] failure to pursue this adequate state remedy * * * precludes his claim under Section 1983." Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001); see also Davis v. New York, 311 Fed. Appx. 397, 400 (2d Cir. Feb. 20, 2009); N.Y. Ct. Cl. Act § 9; 7 N.Y.C.R.R. § 1700.3(b)(4). Accordingly, any amendment to the complaint would be futile and the complaint is, therefore, dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

IV.    Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Clerk of the Court is directed to enter judgment in favor of defendants and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.                           s/ Sandra J. Feuerstein

                                          Sandra J. Feuerstein
                                          United States District Judge

Dated: January 28, 2013
       Central Islip, New York